UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ICARD STORED VALUE SOLUTIONS, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:07-CV-1539 CAS |
| WEST SUBURBAN BANK, | ) ) ) | |
| Defendant. | ) | |

## ORDER CONCERNING REMOVAL

This matter is before the Court on review of the file following removal. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Plaintiff initially filed suit in the Circuit Court of St. Louis County, State of Missouri. The petition alleges state law claims for breach of contract, breach of fiduciary duty, interference with contractual relationships and economic advantage, unjust enrichment and wrongful appropriation. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938); see Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The district

court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied. See In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir.1993).

There must be allegations of each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders, 823 F.2d at 215 n.1. For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). In the case of a removed action, diversity must exist both when the state petition is filed and when the petition for removal is filed. Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001) (citing 28 U.S.C. § 1447(e)).

With respect to the parties' citizenship, plaintiff alleges in its petition that it is a Missouri limited liability company in good standing, doing business in St. Louis County, Missouri. Defendant's removal notice states that it is an Illinois banking corporation with its principal place of business in Illinois, and states on "information and belief" that "all members of plaintiff are citizens of the State of Missouri." See Notice of Removal at 2.

The allegations of plaintiff's petition and defendant's removal notice do not contain sufficient allegations regarding the state(s) of which each member of the plaintiff was a citizen at the time the petition was filed and at the time of removal. Based on the foregoing, the Court cannot determine whether it has subject matter jurisdiction over this action.

The Court will grant defendant ten (10) days in which to establish the existence of the requisite diversity of citizenship of the parties. Plaintiff shall have the opportunity to respond. Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, within ten (10) days of the date of this Order, defendant shall file a memorandum including citation to any relevant authority which shall establish the state(s) of which each member of the plaintiff limited liability company was a citizen, including the principal place of business for corporate members, both at the time of filing and the time of removal.

**IT IS FURTHER ORDERED** that plaintiff shall have five (5) days thereafter in which to file any response.

**IT IS FINALLY ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of October, 2007.